CEM

FILED
JANUARY 7, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 103**

| | |
|---|---|
| MARY LOU McCOLLUM, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ **JUDGE LEINENWEBER** |
| ) | **MAGISTRATE JUDGE SCHENKIER** |
| SEASONS HOSPICE, INC., d/b/a SEASONS ) | |
| HOSPICE & PALLIATIVE CARE, ) | |
| ) | |
| Defendant. ) | **Jury Trial Demanded** |

## COMPLAINT

### INTRODUCTION

1.  This is an action for unpaid overtime brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq.* ("FLSA"); the Illinois Minimum Wage Law, 820 ILCS 105/1, *et seq.* ("IMWL"); and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq.*

### JURISDICTION

2.  This court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, particularly 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.

## PARTIES

3. Plaintiff Mary Lou McCollum is a past employee of Defendant Seasons. She is a resident of DuPage County, Illinois. A copy of Plaintiff's executed consent form is attached to this complaint as Exhibit A. Plaintiff is an "employee" under the FLSA, 29 U.S.C. §203(e)(1).

4. Defendant Seasons Hospice, Inc. ("Seasons"), is an Illinois corporation doing business within the jurisdiction of this Court and engaged in providing hospice care.

5. At all material times herein, Seasons has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(B), in that it is an institution primarily engaged in the care of the sick and the aged who reside on the premises of such institution.

## FACTS

6. Since February 13, 2006, Seasons failed and refused to pay Plaintiff overtime on a weekly basis for work she performed in excess of 40 hours per week when she was employed as patient care assistant.

7. Upon information and belief, Seasons has failed to make, keep, and preserve adequate and accurate records of the wages, hours, and other conditions and practices of employment maintained by it, in that its records fail to show adequately and accurately, among other things, the hours worked by Plaintiff each workday and the total hours Plaintiff worked each workweek.

8. At all material times, the acts and conduct of Seasons complained of in ¶¶ 6 and 7 have been willful.

## COUNT I – VIOLATION OF FAIR LABOR STANDARDS ACT

9. Since February 13, 2006, Seasons has violated the FLSA, particularly 29 U.S.C. § 207 by failing and refusing to pay Plaintiff overtime on a weekly basis for work she performed in excess of 40 hours per week as required by the FLSA.

10. Upon information and belief, Seasons has violated the FLSA, particularly 29 U.S.C. §§211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of the wages, hours, and other conditions and practices of employment maintained by it, in that its records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to Plaintiff.

WHEREFORE, Plaintiff prays that this court:

A. Award Plaintiff her unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

B. Award Plaintiff an additional amount under 29 U.S.C. § 216, as liquidated damages, equal to the amount awarded in ¶ A of this prayer for relief;

C. Award Plaintiff the attorney fees and costs of this action; and

D. Grant Plaintiff such other relief as this Court deems just and proper.

## COUNT II – VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

10. This court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

11. Plaintiff re-alleges and incorporates paragraphs 3 through 8 as if fully pled herein.

-3-


12. Plaintiff is an employee under the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

13. Seasons is an employer under the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

14. Since February 13, 2006, Seasons has violated the Illinois Minimum Wage Law, particularly 820 ILCS 105/4a(1), by failing and refusing to pay Plaintiff overtime at a rate not less than one and one-half times her regular rate for all hours per week exceeding the 40 hours she was required to be on duty.

WHEREFORE, Plaintiff prays that this court:

A. Award Plaintiff her unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

B. Award Plaintiff punitive damages under state law in the amount of 2% of the amount of underpayment for each month such underpayment remains unpaid;

C. Award Plaintiff the attorney fees and costs of this action; and

D. Grant Plaintiff such other relief as this Court deems just and proper.

### COUNT III – VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

15. This court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

16. Plaintiff realleges and incorporates paragraphs 3 through 8 as if fully pled herein.

17. Plaintiff is an employee under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

18. Defendant is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

19. Since February 13, 2006, Seasons has violated the Illinois Wage Payment and Collection Act, particularly 820 ILCS 115/2, 820 ILCS 115/3, and 820 ILCS 115/4, by failing and refusing to pay Plaintiff her overtime wages for all hours of work each work week.

WHEREFORE, Plaintiff prays that this court:

A. Award Plaintiff her unpaid overtime rate of pay for all hours of work in excess of forty hours per week;

B. Declare that Defendant's compensation practice is a violation of the Illinois Wage Payment and Collection Act;

C. Award Plaintiff the attorney fees and costs of this action; and

D. Grant Plaintiff such other relief as this Court deems just and proper.

Respectfully submitted,

CORNFIELD AND FELDMAN

By: /s/ Carrie A. Herschman
Jacob Pomeranz
Carrie A. Herschman

Dated: January 7, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, Illinois 60602-1803
(312) 236-7800
(312) 236-6686) (fax)

Attorneys for Plaintiff McCollum

**Exhibit A**

## CONSENT TO BE A PARTY PLAINTIFF

I hereby agree to be a party plaintiff in a claim under the federal Fair Labor Standards Act in this lawsuit against Seasons Hospice, Inc., d/b/a Season Hospice & Palliative Care.

_____
Mary Lou McCollum

Dated: January 4, 2008