**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **MARY LOU McCOLLUM,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.08 C 103 |
| | ) | |
| **SEASONS HOSPICE, INC.,** | ) | |
| **d/b/a SEASONS HOSPICE &** | ) | **Judge Leinenweber** |
| **PALLIATIVE CARE,** | ) | **Magistrate Judge Schenkier** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendant Seasons Hospice, Inc. ("Seasons") answers Plaintiff Mary Lou McCollum's Complaint and submits its Affirmative Defenses to that Complaint as follows:

1.  This is an action for unpaid overtime brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, et seq. ("FLSA"); the Illinois Minimum Wage Law, 820 ILCS 105/1, et seq. ("IMWL"); and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, et seq.

Answer:   Seasons admits that the Complainant attempts to state the causes of action described. Except as so admitted, Seasons denies the allegations in paragraph 1.

**JURISDICTION**

2.  This court has original jurisdiction over this action pursuant to the Fair Labor Standards Act, particularly 29 U.S.C. §216(b) and 28 U.S.C. §§1331 and 1337.
V.
Answer:   Seasons admits the allegations in paragraph 2.

## PARTIES

3.      Plaintiff Mary Lou McCollum is a past employee of Defendant Seasons. She is a resident of DuPage County, Illinois. A copy of Plaintiff's executed consent form is attached to this complaint as Exhibit A. Plaintiff is an "employee" under the FLSA, 29 U.S.C. §203(e)(1).

Answer:      Seasons admits that Plaintiff previously worked for Seasons.  Seasons lacks knowledge as to Plaintiff's place of residence, and therefore denies the allegations contained in the second sentence of paragraph 3.  Seasons admits that a copy of Plaintiff's executed consent form is attached to her Complaint as Exhibit A.  Seasons states that the allegation that Plaintiff is an "employee" under the FLSA is a legal conclusion.  To the extent that this legal conclusion is correct, Seasons admits the allegations contained in the fourth sentence of paragraph 3.  Except as so admitted, Seasons denies the allegations contained in the fourth sentence of paragraph 3.

4.      Defendant Seasons Hospice, Inc. ("Seasons"), is an Illinois corporation doing business within the jurisdiction of this Court and engaged in providing hospice care.

Answer:      Seasons admits the allegations contained in paragraph 4.

5.      At all material times herein, Seasons has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §203(s)(1)(B), in that it is an institution primarily engaged in the care of the sick and the aged who reside on the premises of such institution.

Answer:      Seasons states that the allegations contained in paragraph 5 state a legal conclusion.  To the extent that such legal conclusion is correct, Seasons admits the allegations contained in paragraph 5.  Except as so admitted, Seasons denies the allegations contained in paragraph 5.

## FACTS

6.      Since February 13, 2006, Seasons failed and refused to pay Plaintiff overtime on a weekly basis for work she performed in excess of 40 hours per week when she was employed as patient care assistant.

    <u>Answer</u>:    Seasons denies the allegations contained in paragraph 6.

7.    Upon information and belief, Seasons has failed to make, keep, and preserve adequate and accurate records of the wages, hours, and other conditions and practices of employment maintained by it, in that its records fail to show adequately and accurately, among other things, the hours worked by Plaintiff each workday and the total hours Plaintiff worked each workweek.

    <u>Answer</u>:    Seasons denies the allegations contained in paragraph 7.

8.    At all material times, the acts and conduct of Seasons complained of in ¶¶ 6 and 7 have been willful.

    <u>Answer</u>:    Seasons denies the allegations contained in paragraph 8.

### COUNT I — VIOLATION OF FAIR LABOR STANDARDS ACT

9.    Since February 13, 2006, Seasons has violated the FLSA, particularly 29 U. S. C. § 207 by failing and refusing to pay Plaintiff overtime on a weekly basis for work she performed in excess of 40 hours per week as required by the FLSA.

    <u>Answer</u>:    Seasons denies the allegations contained in paragraph 9.

10.    Upon information and belief, Seasons has violated the FLSA, particularly 29 U.S.C. §§211(c) and 215(a)(5), by failing to make, keep, and preserve adequate and accurate records of the wages, hours, and other conditions and practices of employment maintained by it, in that its records fail to show adequately and accurately, among other things, the hours worked each workday and the total hours worked each workweek with respect to Plaintiff:

    <u>Answer</u>:    Seasons denies the allegations contained in paragraph 10.

### COUNT II – VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

10.    [<u>sic</u>.]This court has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

    <u>Answer</u>:    Seasons admits the allegations contained in paragraph 10.

11.    Plaintiff re-alleges and incorporates paragraphs 3 through 8 as if fully pled herein.

    <u>Answer</u>:    Seasons re-alleges and incorporates its answers to 3 through 8 as its answer to paragraph 11.

12. Plaintiff is an employee under the Illinois Minimum Wage Law, 820 ILCS 105/3(d).

Answer: Seasons states the allegations in paragraph 12 state a legal conclusion. To the extent that such legal conclusion is accurate, Seasons admits the allegations contained in paragraph 12. Except as so admitted, Seasons denies the allegations in paragraph 12.

13. Seasons is an employer under the Illinois Minimum Wage Law, 820 ILCS 105/3(c).

Answer: Seasons states the allegations in paragraph 13 state a legal conclusion. To the extent that such legal conclusion is accurate, Seasons admits the allegations contained in paragraph 13. Except as so admitted, Seasons denies the allegations in paragraph 13.

14. Since February 13, 2006, Seasons has violated the Illinois Minimum Wage Law, particularly 820 ILCS 105/4a(1), by failing and refusing to pay Plaintiff overtime at a rate not less than one and one-half times her regular rate for all hours per week exceeding the 40 hours she was required to be on duty.

Answer: Seasons denies the allegations contained in paragraph 14.

## COUNT III – VIOLATION OF THE
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT

15. This court has supplemental .jurisdiction over this action pursuant to 28 U.S.C. § 1367.

Answer: Seasons admits the allegations contained in paragraph 15.

16. Plaintiff realleges and incorporates paragraphs 3 through 8 as if fully pled herein.

Answer: Seasons re-alleges and incorporates its answers to 3 through 8 as its answer to paragraph 16.

17. Plaintiff is an employee under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

Answer: Seasons states the allegations in paragraph 17 state a legal conclusion. To the extent that such legal conclusion is accurate, Seasons admits the allegations contained in paragraph 17. Except as to admitted, Seasons denies the allegations in paragraph 17.

18. Defendant is an employer under the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

Answer: Seasons states the allegations in paragraph 18 state a legal conclusion. To the extent that such legal conclusion is accurate, Seasons admits the allegations contained in paragraph 18. Except as to admitted, Seasons denies the allegations in paragraph 18.

19. Since February 13, 2006, Seasons has violated the Illinois Wage Payment and Collection Act, particularly 820 ILCS 115/2, 820 ILCS 115/3, and 820 ILCS 115/4, by failing and refusing to pay Plaintiff her overtime wages for all hours of work each work week.

Answer: Seasons denies the allegations contained in paragraph 19

WHERFORE, Defendant Seasons Hospice, Inc. requests that the Court enter judgment in its favor and against Plaintiff Mary Lou McCollum, and award Defendant its fees, costs, and such other relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. To the extent that Plaintiff submitted required timesheets containing false statements or misrepresentations, Plaintiff is estopped from recovering any unpaid overtime pay or any other damages based upon any hours of work that she failed to report.

2. To the extent that Plaintiff regularly accepted paychecks that did not include compensation for overtime hours she worked without raising any concern or complaint with Defendant, Plaintiff is estopped from recovering such overtime pay.

3. Even assuming, *arguendo*, that the Court finds that Defendant violated any of the statutes alleged by Plaintiff by failing to pay Plaintiff some amount of overtime, the Court should not award any liquidated, punitive, treble, or other similar damages available under any such statute because any such alleged failure by Defendant to pay overtime was in good faith, and Defendant had reasonable grounds to believe that not paying Plaintiff any such overtime allegedly due did not violate any of the statutes Plaintiff's Complaint relies upon.

        SEASONS HOSPICE, INC.

        By:/s/: <u>Robert K. Neiman</u>
              One of Its Attorneys

Robert K. Neiman
James A. Burns, Jr.
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
312-207-1000

## SEASONS HOSPICE'S
## NOTIFICATION OF AFFILIATES
## DISCLOSURE STATEMENT

Seasons Hospice, Inc., in compliance with Local Rule 3.2 of the United States District Court For The Northern District of Illinois, states that is has no "affiliates" as Local Rule 3.2 defines that term.

SEASONS HOSPICE, INC.

By: /s/:  Robert K. Neiman
               One of  Its Attorneys

Robert K. Neiman
James A. Burns, Jr.
Reed Smith LLP
10 South Wacker Drive
Chicago, Illinois 60606-7507
312-207-1000

## CERTIFICATE OF SERVICE

I, Robert K. Neiman, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Defendant's Answer And Affirmative Defenses To Plaintiff's Complaint to be served upon the following, by depositing a copy of same in the U.S. Mail, postage prepaid on this 28th day of January 2008:

>Carrie A. Herschman, Esq.
>Jacob Pomeranz, Esq.
>CORNFIELD AND FELDMAN
>25 East Washington Street
>Suite 1400
>Chicago, Illinois 60602-1803

>/s/ Robert K. Neiman
>Robert K. Neiman

CHILIB-2134476.2-RKNeiman1/28/08 4:47 PM